Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 50406 | **DATE** | 12/21/2004 |
| **CASE TITLE** | Winder vs. Meyers | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse memorandum opinion and order, the court grants summary judgment to Lockhard, Saranatopollous, and the City of Rockford as to Counts I and IV and to the City of Rockford as to Count II of the second amended complaint. Plaintiff shall report to the magistrate judge within 30 days as to whether he wishes to proceed further against defendants Cassaro and Ferguson.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

*/s/ Philip G. Reinhard*

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | 12-21-04 date docketed | 52 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 12-21-04 date mailed notice | |
| LC | courtroom deputy's initials | Date/time received in central Clerk's Office | OW mailing deputy initials | |

(Reserved for use by the Court)

# MEMORANDUM OPINION AND ORDER

Plaintiff, Michael Winder, filed a second amended complaint pursuant to 42 U.S.C. § 1983 and Illinois law against, among others, defendants, Lisa Lockhard, Paul Saranatopollous, and the City of Rockford (City), alleging in Count I excessive force, in Count II failure to train, supervise, and discipline, in Count III battery under Illinois law, and in Count IV intentional infliction of emotional distress (IIED) under Illinois law. As to these particular defendants, Counts I and IV are directed at Lockhard and Saranatopollous in their individual and official capacities while Count II is directed against the City only. While it is not clear from the second amended complaint, it appears that Count III is not directed at any of these defendants. Defendants have moved for summary judgment as to Counts I, II, and IV.

This case arose out of an incident in which Rockford police officers Lockhard and Saranatopollous transported plaintiff to the booking area of the Winnebago County Jail following his arrest by a fellow officer pursuant to a warrant. During the booking process certain other defendants, all Winnebago County Jail corrections officers, used physical force against plaintiff when an altercation arose while booking plaintiff. It is undisputed that Lockhard and Saranatopollous never used any physical force against plaintiff while at the jail. Plaintiff's theory of liability under §1983 against these two defendants is that they failed to intervene or take any measures to prevent or discontinue the alleged excessive force against him by the other corrections officers. While there is evidence submitted by the parties, including depositions, statements, and investigative reports, the most instructive piece of evidence is a video recording of the incident. The video shows both Lockhard and Saranatopollous standing by and watching the entire altercation between plaintiff and the other officers.

To succeed on a motion for summary judgment, a movant must show that there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law. Vallone v. CNA Financial Corp., 375 F. 3d 623, 631 (7th Cir. 2004). In making this determination, the court must draw all inferences from the evidence in the light most favorable to the nonmoving party. Vallone, 375 F. 3d at 631.

An officer who is present and fails to intervene to prevent other law enforcement officers from infringing the constitutional rights of citizens is liable under §1983 if that officer has a reason to know: (1) that excessive force is being used, (2) that a citizen has been unlawfully arrested, or (3) that any constitutional violation has been committed by a law enforcement officer; and the officer has a realistic opportunity to intervene to prevent the harm from occurring. Chavez v. Illinois State Police, 251 F. 3d 612, 652 (7th Cir. 201); Yang v. Hardin, 37 F. 3d 282, 285 (7th Cir. 1994). While not explicitly decided, the Seventh Circuit Court of Appeals has strongly suggested such liability will arise as to officers from one law enforcement agency that observe excessive force or other constitutional violation by officers from another agency where the two agencies share, in practice, some relationship. See Windle v. City of Marion, 321 F. 3d 658, 663 (7th Cir. 2003).

In this case, the court has carefully reviewed all of the evidence, paying particular attention to the video recording. While plaintiff expends much of his energy on the issue of whether excessive force occurred in this case, that issue is not dispositive of the claim that Lockhard and Saranatopollous failed to intervene. Rather, the key issues in that respect are what would a reasonable officer had reason to know in terms of any excessive force and whether there was a realistic opportunity to intervene.

Turning to the first question, the court finds there is no evidence from which a reasonable trier of fact could conclude that an officer in the position of Lockhard and Saranatopollous had a reason to know that the force used was excessive in terms of the Fourth Amendment. There are essentially three instances of alleged excessive force, the initial takedown of plaintiff by corrections officer Cassaro, the struggle that ensued in an effort to control plaintiff while on the floor, and the lifting and shoving of plaintiff into the booking counter and plexiglass window while he was handcuffed.

While it is undisputed that Lockhard and Saranatopollous viewed all three of these incidents from a relatively short distance away, it is just not evident to these defendants that the force was constitutionally excessive. In fact, it only became evident that Cassaro acted excessively after a thorough investigation, and then only as to the latter of the three incidents. The video, which reflects essentially what Lockhard and Saranatopollous observed at the time the events were unfolding, does not alone support such a conclusion. The first situation involving Cassaro grabbing plaintiff in the throat area and forcing him to the floor happened as part of a verbal altercation and the removal of plaintiff's boots. Even if ultimately determined to be excessive force, this situation does not support a conclusion that Lockhard and Saranatopollous knew it was excessive at the time.

Once plaintiff was on the floor, a struggle ensued in part because plaintiff resisted being controlled by Cassaro and the other correctional officers. No evidence of any force beyond that necessary to control plaintiff appears at this point in the video, and it would not have appeared to Lockhard and Saranatopollous that at that point that excessive force was being used.

As for the last instance, involving the picking up and shoving of the handcuffed plaintiff into the booking counter and window, while hindsight and further investigation support the conclusion that excessive force was used, such a conclusion would not have been apparent to Lockhard and Saranatopollous at the time of the incident. There was an ongoing struggle to regain control of the resisting plaintiff, and this incident occurred as part of that.

Not only is there no evidence that Lockhard and Saranatopollous knew any of the conduct was constitutionally excessive at the time it was occurring, there is no evidence that either one had a realistic opportunity to intervene. Each incident lasted only momentarily. This is especially true of the situation where Cassaro and Ferguson threw plaintiff against the booking counter and window.

While the court recognizes that officers who observe instances of excessive force have a duty to intervene when they have a realistic opportunity to do so, this duty is limited to those situations where there is evidence that a reasonable officer observing the situation would know at the time that a constitutional violation was occurring. It is not enough for a plaintiff to come into court later and present evidence that a violation did in fact occur. For example, in this case had the officers incorrectly concluded that the force was excessive and intervened based on that conclusion, it might well have led to plaintiff escaping or causing injury to a correctional officer or someone else present in the booking area. It is simply not apparent from the video that such a conclusion should have been reached by a reasonable officer in the position of Lockhard and Saranatopollous in this case.

Based on all the evidence, especially the video recording of the incident, the court grants summary judgment in favor of Lockhard and Saranatopollous on the claim of excessive force in Count I. To the extent plaintiff has sued these two defendants in their official capacities, the City is also entitled to summary judgment on Count I as no constitutional violation occurred, see Windle, 321 F. 3d at 663, and because there is no indication in the record of any official policy or custom that led to any alleged violation by these two defendants.

The court also grants summary judgment for the City in Count II on the failure to train, supervise, and discipline Lockhard and Saranatopollous. The primary reason is because plaintiff did not suffer any constitutional injury as a result of any inaction by Lockhard and Saranatopollous. See Windle, 321 F. 3d at 663. Further, there is no evidence to otherwise support the claim.

That leaves Count IV, based on the tort of IIED. To establish such a claim, a plaintiff must submit evidence that: (1) the defendant's conduct was extreme and outrageous; (2) the defendant either intended that his conduct inflict severe emotional distress, or know there is a high probability that it will do so; and (3) the defendant's conduct in fact caused severe emotional distress. Doe v. Calumet City, 161 Ill. 2d 374, 392, 641 N.E. 2d 498 (1994). Lockhard and Saranatopollous are entitled to summary judgment on this claim as there is no evidence to support any of the three elements of the tort against them.

For the foregoing reasons, the court grants summary judgment to Lockhard, Sarantopollous, and the City as to Counts I and IV and to the City as to Count II of the second amended complaint.